IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SANDRA B. PEEBLES                                                    PLAINTIFF

vs.                              Civil No. 4:08-cv-04013

MICHAEL J. ASTRUE                                                   DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Sandra Peebles ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her applications for

Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of

disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a

magistrate judge to conduct any and all proceedings in this case, including conducting the trial,

ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 2).[1]

Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final

judgment in this matter.

1. **Background:**

Plaintiff filed her applications for DIB and SSI on August 18, 2003.  (Tr. 48).  Plaintiff

alleged she was disabled due to major depression, post-partum psychosis, anxiety, and a sleep

disorder. (Tr. 82).  Plaintiff alleged an onset date of February 6, 2002.  (Tr. 48).  These applications

were initially denied on February 20, 2004 and were denied again on reconsideration.  (Tr. 33-44).

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for
this case are referenced by the designation "Tr."

1

On July 8, 2004, Plaintiff requested an administrative hearing on her applications.  (Tr. 42). This hearing was held on May 12, 2005 in Texarkana, Arkansas.  (Tr. 239-274).  Plaintiff was present and was represented by Stanley Brummal, at this hearing.  *See id.*  Plaintiff and Vocational Expert ("VE") William Elmore testified at this hearing.  *See id.*

On August 25, 2005, the ALJ entered a partially favorable decision finding Plaintiff was disabled from February 6, 2002, through March 18, 2004.  (Tr. 15-22).  On October 25, 2005, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision.  (Tr. 7-9).  *See* 20 C.F.R. § 404.968.   On January 18, 2006, the Appeals Council declined to review this determination.  (Tr. 4-6).   On February 14, 2006, Plaintiff appealed to this Court and based on the Commissioner's Motion to Remand, this matter was remanded on July 6, 2006 to an ALJ for further administrative proceedings.  *See Peebles v. Social Security Administration,* No. 06-04014 (W.D. Ark. July 6, 2006).

Plaintiff filed  subsequent applications for DIB and SSI on November 3, 2005 and June 13, 2006 respectively.  (Tr. 325-329).  These subsequent applications and the court remand were consolidated.  (Tr. 290).  The ALJ held a hearing on January 30, 2007 and a supplemental hearing on March 27, 2007 in Texarkana, Arkansas.  (Tr. 417-451, 452-472).  Plaintiff was present and was represented by counsel Greg Giles, at these hearings.  *See id.*  Plaintiff, Vocational Experts ("VE") William Elmore and Mack Welch, and Medical Expert Neil Aronov, testified at these hearings.  *See id.*

On May 11, 2007, the ALJ entered partially favorable decision finding Plaintiff was disabled from February 6, 2002, through March 18, 2004.  (Tr. 290-299).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") from February 6, 2002 through March 18,

2004. (Tr. 298, Finding 2). The ALJ determined Plaintiff had the following severe impairments: major depressive disorder with psychotic features, a generalized anxiety disorder, bipolar disorder, and adjustment disorder. (Tr. 298, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 298, Finding 4).

The ALJ reviewed all the medical evidence and hearing testimony and determined Plaintiff's Residual Functional Capacity ("RFC"). The ALJ found Plaintiff, beginning on March 18, 2004, had the RFC to perform unskilled, semi-skilled and skilled work. The ALJ then determined Plaintiff's RFC, as of March 18, 2004, did not preclude her in her ability to perform her Past Relevant Work ("PRW") as a teacher aide or licensed practical nurse. (Tr. 299, Finding 10). The ALJ then found Plaintiff was under a disability from February 6, 2002 through March 18, 2004, but not thereafter. (Tr. 299, Finding 11).

On June 5, 2007, Plaintiff requested that the Appeals Council review the ALJ's decision. (Tr. 278). *See* 20 C.F.R. § 404.968. On December 12, 2007, the Appeals Council declined to review this determination. (Tr. 275). On February 15, 2008, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on February 26, 2008. (Doc. No. 2). Both parties have filed appeal briefs. (Doc. Nos. 6, 9). This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

4

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (1) the ALJ erred in his *Polaski* evaluation, (2) the ALJ erred in determining that Plaintiff retained the RFC to perform her PRW, and (3) the ALJ erred in finding Plaintiff was not under a disability after March 18, 2004. In response, Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints, (2) the ALJ properly determined Plaintiff's RFC and the ability to perform her PRW, and (3) the ALJ properly found Plaintiff was not under a disability after March 18, 2004. *See id.* Because this Court finds the ALJ improperly evaluated Plaintiff's subjective complaints, this Court will only address Plaintiff's first issue.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny,

as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ performed no *Polaski* analysis. In his decision, the ALJ made no reference to having performed an analysis of Plaintiff's subjective complaints pursuant to *Polaski,*

---

the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

20 C.F.R. § 404.1529, or 20 C.F.R. § 416.929.  Because the ALJ did not properly examine the five *Polaski* factors or the factors set out in 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929, this case should be reversed and remanded for a full *Polaski* analysis.  Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis pursuant to *Polaski* must be performed.[3]

**4. Conclusion:**

    Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

    **ENTERED this 18th day of March, 2009.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

[3]Based on these findings, I do not find it necessary to reach to other point of error raised by the Plaintiff in this appeal.

7